IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE N. WARD,

    Plaintiff,

-vs-

LABORATORY CORPORATION OF AMERICA,
DYNACARE LABS/ ALABAMA ALCOHOL DRUG
MANAGEMENT SERVICES/ ADAMS WIGGINS,
CHILDS, QUINN, AND PANTAZIS, GORDON,
SILBERMAN, WIGGINS & CHILDS, FRILOT,
PARTRIDGE, KOHNKE & CLEMENTS, L.C.,
HILL, HILL, FRANCO, COLE & BLACK, P.C.,

    Defendants.

Case No. 2:06-cv-230-WKW

## NOTICE OF REMOVAL

COMES NOW the Petitioner, Hill, Hill, Carter, Franco, Cole & Black, P.C., and files this Notice of Removal, and respectfully shows unto this Honorable Court as follows:

    1.    Petitioner, Hill, Hill, Carter, Franco, Cole & Black, P.C. is a Defendant in a civil suit filed in the Circuit Court of Montgomery, Alabama. The style of the action in the Circuit Court is <u>Wayne N. Ward aka Wayne (the Wall) v. Laboratory Corporation of America, Dynacare Labs/ Alabama Alcohol Drug Management Services / Adams Wiggins, Childs, Quinn, and Pantazis, Gordon, Silberman, Wiggins & Childs, Frilot, Partridge, Kohnke & Clements, L.C., Hill, Hill, Franco, Cole & Black, P.C.</u>; Case No. CV-2006-303. A copy of the *Summons* and *Complaint* is attached as Exhibit "A".

    2.    Defendants Laboratory Corporation of America, Dynacare Laboratories, Inc. (believed to be incorrectly named as Dynacare Labs/Alabama Alcohol Drug Management Services); Wiggins, Childs, Quinn, and Pantazis; Gordon, Silberman, Wiggins & Childs; and Frilot, Partridge, Kohnke & Clements, L.C. consent to the filing of this *Notice of Removal*.

    3.    Plaintiff states that he is asserting a claim arising out of the Federal Rules of Civil Procedure and the Constitution of the United States and alleges various causes of action including conspiracy, breach of contract, fraud, and Title VII violations.

    Inasmuch as 28 U.S.C. §1331 states that "The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this action is proper for removal. Under 28 U.S.C. §1441(b), any civil action of which the district courts have original jurisdiction shall be removable without regard to the citizenship or residence of the parties. To effect such removal, the petitioner must file a Notice of Removal signed pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, which contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the petitioner. The Petitioner does so with this petition.

Federal question jurisdiction is proper in this matter, notwithstanding any ancillary state law claims. The existence of these additional or otherwise non-removable claims or causes of action does not prevent removal. 28 U.S.C. §1441(c). It is clear from the drafting of plaintiff's Complaint that the federal question is the central issue of this litigation.

It is believed that Plaintiff is pursuing a claim under Federal Rules of Civil Procedure 60(b)(3) for relief from a final judgment due to fraud, misrepresentation, or other misconduct of an adverse party. Plaintiff previously filed an action in federal court asserting similar claims which were dismissed by the Court. (See *Ward v. Dynacare Laboratories, Inc. et al*; 2:05-cv-00088-MHT-VPM). Claims under Rule 60 should be made to the Court that rendered the judgment.

4. The United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction of this cause by virtue of the federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

5. This petition is properly placed in the Northern Division of the United States District Court for the Middle District of Alabama, as Montgomery County is in the Northern Division.

6. The Summons and Complaint filed in the Circuit Court of Montgomery County were served on the Petitioner, Hill, Hill, Carter, Franco, Cole & Black, P.C, on February 14, 2006. Pursuant to 28 U.S.C. § 1446(c), the removal of this cause is timely. None of the Defendants have filed an Answer in this matter. See attached case action summary from the State of Alabama Judicial Information System, marked as Exhibit "B."

7. Pursuant to 28 U.S.C. § 1446(d), the Defendant has given written notice of the filing of this removal to Plaintiff.

8. A true copy of this Notice has been filed with the Clerk for the Circuit Court of Montgomery County, Alabama, as required by law.

WHEREFORE, said Petitioner prays that this Honorable Court will consider this Notice as provided by law governing the removal of causes to this Court, that this Court will make the proper orders to effect the removal of this cause from the Circuit Court of Montgomery County, Alabama, to this Court, and such other and further orders as may be appropriate as to effect the preparation and filing of a true record in this case of all proceedings that may have been had in the Circuit Court.

DONE THIS 10th day of March, 2005.

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C., Defendant,

By: /s/ James R. Seale
James R. Seale (3617-E-68J)
HILL, HILL, CARTER,
 FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
Counsel for Defendant
wwm/6630.0157/f:Notice of Removal-Federal Court.wpd

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date served a true and correct copy of the foregoing *Notice of Removal* upon Wayne N. Ward, 103 Timberline Bessemer, Alabama 35022; Rik S. Tozzi, Esquire, STARNES & ATCHISON LAW OFFICES, Post Office Box 598512, Birmingham, Alabama 35259-8512; Renee C. Gluth, Esquire, FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C., 3600 Energy Centre, 1100 Poydras Street, New Orleans, Louisiana 70163-3600; by placing same in the United States Mail, postage prepaid and properly addressed this the 10th day of March, 2006.

/s/ James R. Seale
James R. Seale