**EXHIBIT A**

| State of Alabama<br>Unified Judicial System | SUMMONS | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | - CIVIL - | CV-06-303 |

IN THE _Circuit_ COURT OF _Montgomery_ COUNTY

Plaintiff _Wayne N. Ward_      v. Defendant _Hill, Hill, Carter Franco - Cole + Black_
_PO Box 116_
_Montgomery, AL 36103_

D6

NOTICE TO _Hill, Hill, Carter Franco Cole and Black_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Wayne N. Ward_ WHOSE ADDRESS IS _103 Timberline, Bessemer, AL 35022_.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _02/14/06_    _Melissa Rittenour_    By: _JL_
                   Clerk/Register

☑ Certified Mail is hereby requested.    _Wayne Ward_
                                          Plaintiff's/Attorney's Signature

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To _Hill, Hill, Carter Franco, Cole + Black_
Street, Apt. No.; or PO Box No. _PO Box 116_
City, State, ZIP+4 _Montgomery AL 36103_
PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0000 5270 0303

this office on _____ (Date)
of the Summons and Complaint to _____
in _____ County,

Server's Signature
_____
Type of Process Server

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | Case Number<br>CV-06-303 |
|---|---|---|

IN THE _Circuit_ COURT OF _Montgomery_ COUNTY

Plaintiff _Wayne N. Ward_ v. Defendant _Laboratory Corporation of America_
_1447 York Court_
_Burlington, NC 27215_

NOTICE TO _Brad T. Smith, Executive Vice President_  D1

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Wayne N. Ward_ WHOSE ADDRESS IS _103 Timberline, Bessemer, AL 35022_.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _02/14/06_    Clerk/Register _Melissa Pittman_    By ___

☑ Certified Mail is hereby requested.

Plaintiff's Attorney's Signature _Wayne Ward_

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _Laboratory Corporation of America_
Street, Apt. No.;
or PO Box No. _1447 York, N.C._
City, State, ZIP+4 _Burlington, NC 27215_

PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0000 5270 0280

_____ this office on _____ (Date)
of the Summons and Complaint to _____
in _____ County, _____.

Server's Signature _____

Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34     Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | Case Number<br><br>CV-06-304 |
|---|---|---|

IN THE _Circuit_ COURT OF _Montgomery_ COUNTY

Plaintiff _Wayne N. Ward_  v. Defendant _Wiggins, Childs, Quinn, and Pantazis_
_1400 SouthTrust Tower_
_Birmingham, Alabama 35203_

NOTICE TO _WCQP_        _D3_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Wayne N. Ward_ WHOSE ADDRESS IS _103 Timberline, Bessemer, AL 35022_.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.
☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _02/14/06_     _Melissa Rittenour_     By: _kc_
                    Clerk/Register

☑ Certified Mail is hereby requested.

_Wayne Ward_
Plaintiff's/Attorney's Signature

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE

Postage | $
Certified Fee |
Return Receipt Fee (Endorsement Required) |
Restricted Delivery Fee (Endorsement Required) |
Total Postage & Fees | $
Postmark Here

Sent To _Wiggins, Childs, Quinn + Pantazis_
Street, Apt No.; or PO Box No. _1400 SouthTrust Tower_
City, State, ZIP+4 _Birmingham, AL 35203_
PS Form 3800, June 2002      See Reverse for Instructions

7005 0390 0000 5270 0297

is office on _____ (Date)
the Summons and Complaint to _____
n _____ County,
_____.

Server's Signature

Type of Process Server

| State of Alabama Unified Judicial System | SUMMONS | Case Number |
|---|---|---|
| Form C-34  Rev 6/88 | - CIVIL - | CV-06-303 |

IN THE _Circuit_ COURT OF _Montgomery_ COUNTY

Plaintiff _Wayne N. Ward_  v. Defendant _Frilot, Partride, Kohnke + Clement  3600 Energy Centre  1100 Poydras Street  New Orleans, Louisiana 70163_

DS

NOTICE TO _Frilot, Partride, Kohnke + Clements_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Wayne N. Ward_ WHOSE ADDRESS IS _103 Timberline, Bessemer, AL 35022_.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.
☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _02/14/06_    _Melissa Rittenour_    By _____
                    Clerk/Register

☑ Certified Mail is hereby requested.    _Wayne Ward_
                                          Plaintiff's/Attorney's Signature

U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT (Domestic Mail Only; No Insurance Coverage Provided)

7005 0390 0000 5270 0310

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Sent To _Frilot, Partridge, Kohnke, Clements, L.C._
Street, Apt. No.; or PO Box No. _3600 Energy Centre  1100 Poydras Street_
City, State, ZIP+4 _New Orleans, LA 70163_

PS Form 3800, June 2002   See Reverse for Instructions

is office on _____ (Date)
he Summons and Complaint to _____
n _____ County,
_____.

Server's Signature

Type of Process Server

CIRCUIT COURT, MONTGOMERY COUNTY
MONTGOMERY COUNTY COURTHOUSE
P.O. BOX-1667
MONTGOMERY, AL 36102-1667

Wayne Norris Ward
aka
Wayne (the Wall)
                    Pro Se
                    PLAINTIFF
vs.

Laboratory Corporation of America

DynaCare Labs/Alabama Alcohol Drug Management Services/AADMS

Wiggins, Childs, Quinn, and Pantazis/WCQP

Gordon, Silberman, Wiggins and Childs/GSWC

Frilot, Partridge, Kohnke, and Clements, L.C.

Hill, Hill, Franco, Cole and Black

Defendants

## COMPLAINT

CIVIL ACTION: Seeking punitive damages for attorney malpractice, conspiracy and fraud.

The Plaintiff alleges the Defendants orchestrated a conspiracy to protect Laboratory Corporation of America Government Contracts. LabCorp is one of the world's largest clinical laboratories with $3.1 billion dollars annual revenue. LabCorp purchased DynaCare for appx. $450,000,000.00 in cash.

The Plaintiff alleges while under contract with Wiggins, Childs, Quinn, and Pantazis/ WCQP. WCQP engaged in Breach of Contract, Fraud, and Attorney Malpractice, which violated the Plaintiffs constitutional rights and are subjected to punitive damages. **The Attorneys and Labcorp were also involved in conspiracy and fraudulent acts to defraud the Plaintiff and are subjected to punitive damages.**

The Plaintiffs also alleges the Defendants/Conspirators actions cover-up three illegal acts:

1. Title VII Violations, attorney malpractice

2. White Collar Crime

3. Illegal Drug Testing of Federal Workplace Urine Samples

The Plaintiff also alleges criminal felony acts: evidence was changed and removed in Federal Court, obstructing justice to defraud the Plaintiff.

1. **JURISDICTION**

   1. CIRCUIT COURT/MONTGOMERY COUNTY, The jurisdiction of this Court is invoked by the plaintiff. This is a suit authorized and pursuant to the Federal Rules of Civil Procedure and the Constitution of the United States. The jurisdiction of this Court is invoked to secure protection for and to redress deprivation of rights secured by the Constitution of the United States.

   2. The Plaintiff has fulfilled all conditions precedent to the institution of this action under the Federal Rules of Civil Procedures.

II. **PARTIES**

1. Plaintiff, Wayne Ward is a black male, is a citizen of the United States and is a resident of the State of Alabama. Plaintiff is a "person aggrieved" under the, Federal Rules of Civil Procedures and the Constitution of the United States.

2. Both DynaCare Laboratories and Laboratory Corporation of America are listed as defendants. In July 2002, Laboratory Corporation of America acquired DynaCare Laboratories, and became DynaCare/AADAMS' successor.

Bradford T. Smith, Executive Vice President
1447 York Court
Burlington, NC  27215

3. Both Gordon, Silberman, Wiggins & Childs Corporation and Wiggins, Childs, Quinn and Pantazis are listed as defendants. In the fall of 2003, Wiggins, Childs, Quinn and Pantazis acquired Gordon, Silberman, Wiggins & Childs, and became Gordon, Silberman, Wiggins & Childs' successor.

1400 Southtrust Tower
Birmingham, Alabama 35203-3204

4. Frilot, Partridge, Kohnke & Clements, L.C.
   3600 Energy Centre
   1100 Poydras Street
   New Orleans, Louisiana 70163

5. Hill, Hill, Carter Franco Cole and Black
   PO Box 116
   Montgomery, AL  36103-0116

## III. CAUSES OF ACTION

1. The Plaintiff alleges that Alabama Alcohol Drug Management Services, Inc. or AADMS/Dynacare acts, practices, and procedures have violated the rights of the plaintiff.

2. AADMS was a company operating illegally within DynaCare(White Collar Crime). AADMS membership included some of the executive management staff and senior employees from the old Alabama Reference Lab (ARL) who were currently working for DynaCare.

3. AADMS had inside information that LabCorp was interested in purchasing DynaCare. So, they had to expedite their plans. AADMS goals: to get control of key positions within DynaCare so they micro-managed from afar the operations of DynaCare/LabCorp and made a profit. One key position was the Operation Coordinator's position in Toxicology. The Toxicology business is a multi-million dollar "Cash Cow".

4. In the beginning of the year, January 2002, the Plaintiff's "New Year Resolution" was to dress and be more professional. The Plaintiff, <u>an African American began wearing a shirt and tie to work.</u> This brought attention and AADMS saw the Plaintiff as a threat. So, AADMS sent their agents out to defuse the situation. AADMS had different levels of agents; my supervisor was one of their top agents.

5. The Plaintiff and his supervisor had a history. The plaintiff returned from Germany in 1991 and worked part time at Humana/Columbia along with his supervisor(conspirator). His supervisor was terminated or resigned because <u>she was found guilty of fraud!</u> Everyone who worked in the lab had to give a statement. His supervisor was also involved in at least one other Title VII case while employed at ARL/LabSouth. The case was settled out of court. This is the third Title VII case involving the Toxicology Department in Montgomery.

6. The first thing AADMS did was to attack the Plaintiff's pay. The Plaintiff's <u>immediate supervisor</u> had an agreement that if he came to day shift the Plaintiff would keep his shift differential. She never submitted the paper work. As far as receiving night differential pay, this was not unusual because another employee went from nights to days and he negotiated and received shift differential.

7. The Plaintiff continued to wear his shirt and tie. And the racist attacks continued.

8. February 2002, AADMS came up with another plan. AADMS plotted to make the Plaintiff look unintelligent, thick, and brainless. His supervisor ordered the Plaintiff (certifying scientist) and two African American females (laborers) to go into the garbage and retrieve a specimen. Later that month at an all Caucasian managers' meeting his supervisor became a stand-up comedian and slandered, insulted, and

defamed the Plaintiff. His supervisor went so far as to award the Plaintiff with DynaCares' highest award. The Plaintiff was intentionally selected. The Plaintiff did not find the specimen and the Plaintiff was the only one to receive an award. The motive for AADMS:

9. Consciously and sub-consciously plant a negative image (Intentional Racism and Adverse employment action) of the Plaintiff. Why? For their next move!

10. <u>The(conspirator)cover-up this event! The plaintiff did not receive the award or knew about the meeting until (8) eight months later!</u>

11. March 2002 and April 2002 AADMS/DynaCare announced that a different agent (conspirator) will be placed as Operation Coordinator in Toxicology; no one complained from management. My supervisor was placed in the Marketing Department. AADMS staged interviews for the Marketing position because other Caucasian's were interested in this position.

12. The new agent and his family history with the company go back to the old ARL days. The new agent's wife was the CEO Executive Secretary approximately 20 years. Their two daughters also worked for ARL. AADMS next move; get rid of the Plaintiff.

13. An unfortunate accident had happened in the early part of March; the night-shift supervisor had to have triple by-pass heart surgery. So, the Plaintiff began doing the night shift supervisor job and his job. This brought the plaintiff time.

14. May 2002, the old supervisor was in transition to her new job. The technical supervisor began giving the Plaintiff blind specimen testing. After that failed, he ordered the Plaintiff to submit a urine sample for testing.

15. June and July 2002, the new supervisor reported to Toxicology. The Plaintiff wanted to apply for the position but, was not given a chance. Plaintiff submitted his EEOC Complaint.

16. August 2002, about the end of the month, the Plaintiff was asked by coworker, a member of the QA Committee, "how I liked my Award?"

The Plaintiff did not know what she was talking about. Coworker then stated that "my old supervisor had us dying with laughter" when she told the QA Committee about how she ordered the Plaintiff to retrieve a specimen from the dumpster while wearing his suit.

17. The Plaintiff signs contract with Gordon, Silberman, Wiggins and Childs, GSWC.

*Note this is where the GSWCs' argument ended in Civil Action Number CV-03-T-247-N! With no admission of AADMS or how the Award was no longer hear-say!

18. September and October 2002, the Plaintiff waited for a day when director and coordinator were not on the premises. The Plaintiff was training his supervisor during September. The Plaintiff asked his new supervisor to check on an award that he received a few months ago. <u>My supervisor e-mailed the Plaintiff later that day with his result. There was an award for the Plaintiff that was given to an agent! The name of the award "Making A Difference"</u>. My supervisor, in a conversation with the Plaintiff stated that the award was more than a few months, it was from February 2002. The director overheard our conversation, pulled my supervisor aside and they had a private meeting.

19. Now the Plaintiff had proof of wrong doing! Not only does the Plaintiff has evidence for Title VII violations: the Plaintiff's same evidence could be used to have DynaCare/Labcorps' license revoked which would close the plant. That means millions of dollars lost!

20. The Plaintiff called and faxed GSWC the E-mail evidence. The Plaintiff explained to GSWC the ramification involved with the award. GSWC recommended not saying anything and the award will be used to negotiate my case!

21. Later that month the director presented the Award to the Plaintiff!

22. After nine months of hell, the Plaintiff started to relax. This relaxation was not healthy. The Plaintiff started suffering depression. The Plaintiff received medical help.

23. The EEOC investigated DynaCare. EEOC was unable to conclude. AADMS was still a secret and the Award was not reported to EEOC.

24. November 2002, my attorney announced she was resigning from GSWC in December 2002.

25. December 2002, the Plaintiff met with GSWC. I met with my ex-attorney supervisor. The Plaintiff explained to GSWC the significance of the Award. GSWC told the Plaintiff that something is missing! The Plaintiff did not understand what could be missing!

26. Later in the month, a co-worker told the Plaintiff about a party in the other building. We went over to the party to get some snacks. When we arrived the room was empty. There was a single sheet of paper lying on a table. The Plaintiff walked over to the table and turned the paper over! **The AADMS Document!!**

27. January 2003, The Plaintiff met with GSWC and discussed employment record and EEOC findings and AADMS document.

28. The Toxicology Director resigned! (Front Pay and Benefits)

29. March 2003, the Toxicology Department stops operations. The employees received severance pay. LabCorp promised that the Toxicology Department will not close during their take over.

30. GSWC filed Civil Action No. 03-T-247-N.

31. EXHIBIT-8 INTERROGATORIES, collected 10 September, 2003 by WCQP.

**FEDERAL RULES OF CIVIL PROCEDURES: RULE 56c**

The Plaintiff Interrogatories has all the elements of the Plaintiff claims: Title VII violations- the Award, White collar crime, and illegal drug testing!

32. Conspiracy starts here.

The interrogatories were sent to Frilot, Partridge, Kohnke & Clements attorneys for LabCorp on 10 September 2003.

An alliance was formed: WCQP, conspirator now works for LabCorp.

33. Frilot, Partridge, Kohnke & Clements/ conspirator called their associate Hill, Hill, Franco, Cole and Black /conspirator they collect fraudulent deposition from witness. LabCorp provides their agent as a witness.

MOTIVE: TO PROTECT Laboratory Corporation of America GOVERNMENT CONTRACTS BY ANY MEANS NECESSARY.

34. WCQP could not use the interrogatories for a Summary Judgment, so on 13 November 2003, WCQP had a pre-typed Declaration for the Plaintiff to sign. WCQP told the Plaintiff the Declaration was going to be used as some kind of demand letter. But before signing the Plaintiff manages to negotiate adding a statement at the end to statement no.15 "Retrieving specimens from a dumpster for testing is an illegal practice." Exhibit-9

35. The conspirators unleashed their evil plan on February 2, 2004 and it worked! Summary Judgment for LabCorp!

36. There was no other communication between the plaintiff and WCQP until.

37. Exihibit-10 WCQP on February 4, 2004 sends the Plaintiff a copy of the Memorandum Opinion entered by the Judge.

38. Exhibit-11 WCQP also sends a letter stating "The only potential relief from this order is to file an appeal to the United States Court of Appeals for the Eleventh Circuit."

GODS' WILL TAKES OVER!

39. Exhibit- 12 I went to the library the Plaintiff typed in 56c and did a search. I found Cornell University web site for Federal Rules of Civil Procedures. The Plaintiff found out that he had one day remaining to file for a Motion for a New Trail. The Plaintiff did so. DENIED!

WERE there any material evidence suppressed in CV-03-T-247-N!?

40. The term Negative Certifying Scientist: The Department of Health and Human Services, Substance Abuse and Mental Health Services Administration, Mandatory Guidelines for Federal Workplace Drug Testing Programs, Agency: Substance Abuse and Mental Heath Services Administration, PHS, HHS. These Mandatory Guidelines and revisions are developed in accordance with <u>Executive Order No. 12564</u> dated September 15, 1986, and Section 503 of Pub. L. 100-71, 5 U.S.C. Section 7301 note the Supplemental Appropriations Act for Fiscal year 1987 dated July 11, 1987. Subpart A- General - <u>Sections 1-4.</u>
Here, you obtain the correct LEGAL STANDARD.

41. The Plaintiff in his Declaration no. 15 page 4 stated: Retrieving specimens from a dumpster for testing is an illegal practice. This is a serious and material change in the terms, conditions, or privileges of employment. It's not part of his job.

42. EXIBIT – 15   JOB DESCRIPTION   LINES #6 AND #17


On February 2, 2005 the Plaintiff filed CV 2:05cv-88-T.
All EXHIBITS can be found here.

43. EXHIBIT- 13
SWORN STATEMENT

<u>MISSING EVIDENCE!</u>

44. On 1 August 5, 2005 the Plaintiff visited the Federal Court. I asked the clerk, a young man, at the counter to see the files of Civil Action no. 03-T-247-N. He could not find the file in its normal place. He checks his computer and finds out the file was in one of the judges chamber since January 2005. The Plaintiff waited about 10 minutes and the clerk went up to the judges chamber and retrieved the file!

45. Upon reviewing the file, Plaintiff realizes this is a different file than the one the Plaintiff reviewed in February, 2004. What is missing? Judge notes!

46. If the notes were available it would show the collaboration between the attorneys WCQP and Hill, Hill, Carter & Black, P.C. who is representing Dynacare the Plaintiff employer, the Judge asked the attorneys when reviewing the Plaintiff Declaration "what do PLAINTIFF means it is illegal?" Hill, Hill, Carter & Black stated "PLAINTIFF doesn't state why it is illegal!" WCQP said nothing!

47. Also, missing is Certificate of Service of Plaintiff, Motion for New Trial. On page 9 of Magistrate Judge Recommendation: The Magistrate Judge Stated "Plaintiff did not appeal" with all due respect where did she get her facts from? Hill, Hill, Carter & Black stated this also in their Motion Requesting Instruction. Exhibit-14 Certified Mail Receipt.

## FRAUD UPON THE COURT

48. Suppression of the truth: Ward's Declaration Exhibit-9, #15 "Retrieving specimen from dumpster for testing is an illegal practice;" Review Mandatory Guidelines, Exhibit-13 sworn statement. Also, the Court must understand if DynaCare states that they ordered three of their employees to retrieve specimen(s) from the garbage and the specimen was retrieved and ran. Where is the Chain of Custody to show this event!?

49. Suppression of the truth and Misrepresentation: Interrogatories Exhibit-8

50. Suppression of the truth: White collar crime and illegal drug testing! Exhibit#1 and Exhibit-13.

51. Presentation of false information: Exhibit-10 page 8, DynaCare states
"According to DynaCare, Ward was ordered to look through the garbage because the samples…..no white employees on duty at the time. Exhibit-13.

52. Presentation of false information: The Defendants collaborated in tricking the court to believe that no tangible or adverse employment was committed. Missing Judge notes, Mandatory Guidelines, Exhibit-9, Exhibit-10, Exhibit-13 and Exhibit -15.

53. As a result of the action described in paragraphs 1-52, Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish.

54. Because the actions of the defendants were committed with malice and/or with reckless indifference to plaintiff's rights, plaintiff is entitled to punitive damages.

## IV. PRAYER FOR RELIEF

1. Issue a declaratory judgment that the defendants' acts, policies, practices, and procedures complained of herein have violated the rights of the plaintiff.

2. Grant the plaintiff an order requiring the defendants to make him whole, by granting appropriate declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees, expenses and costs.

3. The plaintiff further prays for such other relief and benefits as the cause of justice may require.

4. The Plaintiff, Wayne(theWall)Ward DEMANDS FROM DEFENDANTS $25,000,000.00 million dollars (Twenty-Five Millions Dollars) in punitive damages.

**Reasoning:**
When Conspiracy, Fraud, Criminal acts are committed the law allows for large punitive damages to discourage others from doing these illegal acts.

## PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

_Wayne Ward_ 2/8/06
Wayne N. Ward  *pro se*

Wayne N. Ward
103 Timberline
Bessemer, Al. 35022
(205) 428-1417

CERTIFICATE OF SERVICES

I do hereby certify that I have served a true and correct copy of the foregoing on Defendants listed below by placing same in the United States mail, properly addressed and first class postage prepaid.

1. Laboratory Corporation of America
   Bradford T Smith, Executive Vice President
   1447 York Court
   Burlington, NC 27215

2. Wiggins, Childs, Quinn, and Pantazis
   1400 Southtrust Tower
   Birmingham, Alabama 35203-3204

3. Frilot, Partridge, Kohnke & Clements, L.C.
   3600 Energy Centre
   1100 Poydras Street
   New Orleans, Louisiana

4. Hill, Hill, Carter Franco Cole and Black
   PO Box 116
   Montgomery, Alabama 36103-0116

Respectfully submitted,

Wayne Ward 2feb06

Wayne (the Wall) Ward
Pro Se