IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE N. WARD,                              :

      Plaintiff,                           :

-vs-                                        :           Case No. 2:06-cv-00230-WKW

LABORATORY CORPORATION OF AMERICA,          :
DYNACARE LABS/ALABAMA ALCOHOL DRUG
MANAGEMENT SERVICES/ADAMS WIGGINS,          :
CHILDS, QUINN, AND PANTAZIS, GORDON,
SILBERMAN, WIGGINS & CHILDS, FRILOT,        :
PARTRIDGE, KOHNKE & CLEMENTS, L.C.,
HILL, HILL, FRANCO, COLE & BLACK, P.C.,     :

      Defendants.                          :

# MEMORANDUM IN SUPPORT OF
# MOTION TO DISMISS ON BEHALF OF DEFENDANTS
# DYNACARE LABORATORIES, INC.,
# LABORATORY CORPORATION OF AMERICA,
# AND FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C.

## I.   INTRODUCTION

COME NOW the Defendants, Dynacare Laboratories, Inc. and Laboratory Corporation of America (hereafter referred to jointly as "Dynacare") and Frilot, Partridge, Kohnke & Clements, L.C. (hereafter referred to as "Frilot") and respectfully submit this memorandum in support of their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff Wayne Ward seeks to set aside the judgment entered in his previous race discrimination lawsuit against Dynacare, his former employer, captioned *Wayne Ward v. Dynacare Labs, et. al.* (hereafter referred to as "Ward I") and assigned docket number 03-T-247-N.  This is not the first time that Ward has attempted to relitigate the issues involved in *Ward I*.  In fact, Ward previously brought suit in this Court seeking to set aside the *Ward I* judgment and alleging fraud on the Court.  That case was given docket number 2:05-cv-00088-MHT-VPM (hereafter referred to as "Ward II") and was ultimately dismissed by Judge Thompson on August 23, 2005, under the theories of *res judicata* and Federal Rule of Civil Procedure 60(b).  Therefore, this is Ward's third lawsuit and second attempt to re-litigate and

nullify the *Ward I* judgment. Additionally, in this suit, Ward also named Frilot, the lawfirm representing defendant Dynacare in *Ward I* and *Ward II*, as a defendant.

This suit against Dynacare should be dismissed under the same theories as *Ward II*, *res judicata* and F.R.C.P. 60(b). Additionally, Ward's suit against Frilot should be dismissed as his claims are time barred and he has not pled with particularity any alleged fraud on the court committed by Frilot. Simply put, Ward is unhappy and unsatisfied with the conclusion of his race discrimination suit (*Ward I*), and this is his attempt to reactivate and reassert his claim. Therefore, Dynacare and Frilot are seeking to have this suit dismissed accordingly.

## II.  UNDISPUTED FACTUAL AND PROCEDURAL HISTORY

Ward was formerly employed by Dynacare and, after his employment was terminated, he filed a race discrimination claim against Dynacare and LabCorp (the successor corporation to Dynacare). Ward's original suit (*Ward I*) was filed in this Court on March 5, 2003, docket number 03-T-247-N; Judge Myron H. Thompson was assigned to the case.   In *Ward I*, Ward alleged violations of his civil rights under the Civil Rights Act of 1866, as amended (42 U.S.C. §1981) and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§1981a, 2000e through 2000e-17), including discriminatory failure to promote, conditions of employment and pay. Dynacare filed a motion for summary judgment covering all issues in the case; this Court granted Dynacare's motion for summary judgment on February 2, 2004. In response to the Court's judgment, Ward filed a motion for new trial on February 17, 2004. The Court denied Ward's motion for new trial on February 20, 2004. Ward did not pursue any appeal of this suit.

Instead, Ward filed an action for relief under Federal Rules of Civil Procedure 60(b)(3) on February 2, 2005, one year after the court issued its judgment granting defendants motion for summary judgment and dismissing the case. That action was given docket number 2:05-cv-00088-MHT-VPM (*Ward II*) and was filed against Dynacare, LabCorp and Ward's former attorneys, Gordon, Silberman, Wiggins & Childs and Wiggins, Childs, Quinn & Pantazis. In response, Dynacare filed a motion to dismiss, which was granted by the Court on August 23, 2005. In the

Judgment, Judge Thompson clearly states that Ward's federal claims (the only claims asserted against Dynacare) were dismissed with prejudice. Ward did not appeal this judgment.

Ward now files a substantially similar action as was filed in *Ward II*, again attempting to relitigate the issues he raised in *Ward I* (*i.e.*, claims of discrimination due to his dressing professionally at work, payment of his shift differential, retrieving specimens from a garbage dumpster, and the selection for Operations Coordinator) and claiming fraud under Federal Rules of Civil Procedure 60(b). The only difference between the instant action and *Ward II*, is that Ward now adds Frilot, counsel for Dynacare, and Hill, Hill, Carter, Franco, Cole & Black, P.C., local counsel for Dynacare, as Defendants in the case.

## III.  LAW AND ARGUMENT

### A.  STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(6).

"A motion to dismiss is only granted when the movant demonstrates beyond doubt that the plaintiff can provde no set of facts in support of his claim which would entitle him to relief." *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.), *cert. denied*, 525 U.S. 1000 (1998). In assessing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the court must accept as true any allegations in the plaintiff's complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). It is well established that a complaint may be dismissed under Fed.R.Civ.P. 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon*, 467 U.S. at 73.

### B.  WARD SHOULD BE PRECLUDED FROM RELITIGATING HIS PREVIOUS CLAIMS OF RACE DISCRIMINATION UNDER *RES JUDICATA*.

Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party of the first case.

*Allen v. McCurry*, 449 U.S. 90, 94-96 (1980); *see also, Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

If a "court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties," the parties are precluded from relitigating the claims. *Waller v. Roche*, 2005 U.S. App. Lexis 10850 (11th Cir. 2005); *see also, I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 298 (1981); *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948).

> The application of res judicata requires that: (1) the issue contested in both proceedings be identical; (2) the parties to the subsequent proceeding are the same as, are in privity with, the parties to the earlier proceeding; and (3) the earlier proceeding resulted in a final judgment on the merits. *Nevada v. United States*, 463 U.S. 110, 129-130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983).

*Baptiste v. C.I.R.*, 29 F.3d 1533, 1539 (11th Cir. 1994).

Even if the issues are not identical in the current and previous proceedings, the claims may be barred by the doctrine of *res judicata* if they arise from the "same operative nucleus of facts."

> Res judicata acts as a bar "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact."

*Pleming*, 142 F.3d at 1356-1357.

This lawsuit should be barred by *res judicata*. First, the employment discrimination issues raised by Ward in this case are precisely the same ones that he raised in *Ward I*. This complaint is a regurgitation of the same facts as Ward pled in *Ward I* and *Ward II*. Additionally, this suit involves the same parties in that Ward was the Plaintiff and Dynacare was the Defendant. Finally, *Ward I* ended with a judgment in favor of Dynacare on the merits following Dynacare's motion for summary judgment. Likewise, *Ward II* ended with a judgment in favor of Dynacare on the merits following Dynacare's motion to dismiss. Therefore, all of the elements have been satisfied for the application of the doctrine of *res judicata* and Dynacare submits that this Court should preclude Ward from pursuing any employment discrimination claims and/or claims under Fed.R.Civ.P. 60(b) since there are barred.

## C.    PLAINTIFF'S CLAIM UNDER RULE 60(B) SHOULD BE DISMISSED.

Rule 60(b) allows a court to grant relief from a final judgment if the moving party proves that an adverse party has obtained the verdict through fraud, misrepresentation or other misconduct. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277 (11th Cir. 2000).  Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: . . .(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Although Rule 60(b) is remedial, and, thus, entitled to liberal construction, it is not to be utilized as a "substitute for a proper and timely appeal." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).  Thus, to succeed under Rule 60(b), Ward must "prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).  He must also demonstrate that the conduct prevented him from fully presenting his case. *Frederick*, 205 F.3d at 1287 (11th Cir. 2000).  Allegations alone are insufficient, and Ward must present evidence to this Court that satisfies his burden. *Id.*

Importantly, a plaintiff must bring a 60(b) claim for fraud, misrepresentation or misconduct within one year after the judgment was taken. *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003). This time limit on the fraud category is "absolute", and cannot be tolled. *King v. First American Investigations, Inc.*, 287 F.3d 91 (2nd Cir. 2002), cert. denied, 537 U.S. 960, 123 S.Ct. 393, 154 L.Ed.2d 314 (2002).

In this case,  Ward has simply regurgitated his allegations of a collaboration that he set forth in *Ward II*. Again, this Court has already decided that these allegations were insufficient to maintain a Rule 60(b) action against Dynacare. As for Frilot, Ward has failed to allege the fraud, misrepresentation or misconduct on the part Frilot warranting amending the judgment and has failed to allege or demonstrate that Frilot's conduct in any way prevented him from fully presenting his case.

Indeed, the sole mention of Frilot is in paragraph 33 of the Complaint, which states that "Frilot ... called their associate Hill, Hill, Franco, Cole and Black/conspirator they [sic] collect fraudulent deposition from witness.  LabCorp provides their agent as a witness. MOTIVE: TO PROTECT Laboratory Corporation of America GOVERNMENT CONTRACTS BY ANY MEANS NECESSARY." Simply put, this allegation does not specifically point to any fraud, misconduct or misrepresentation on the part of Frilot.  Even if the allegation is true, the allegation does not result in liability for Frilot.

In any event, this action was brought more than a year after the judgment in *Ward I* was issued, and, therefore, this suit is time barred under the express provisions of Rule 60(b).

## IV.  CONCLUSION

Ward's latest complaint is an attempt to relitigate old issues, and, thus, barred by the doctrine of *res judicata.*  Furthermore, this suit does not satisfy the requirements of a Rule 60(b) action and should be dismissed accordingly.  Ward's allegations against Dynacare have already been presented, argued, litigated and decided in *Ward II*.  As for Frilot, Ward has utterly failed to describe any fraud or misconduct by Frilot and has failed to allege or show that he was unable to present his case fully.  Additionally, Ward's 60(b) claims are time barred as this suit was filed more than one year after the judgment at issue in *Ward I*.  Therefore, this suit should be dismissed, with prejudice, with all costs assessed against Plaintiff Wayne Ward.

DONE THIS 30th day of March, 2006.

DYNACARE LABORATORIES, INC.,
LABORATORY CORPORATION OF
AMERICA, and FRILOT, PARTRIDGE,
KOHNKE & CLEMENTS, L.C., Defendants,

By:  /S/  James R. Seale
    James R. Seale (3617-E-68J)
    HILL, HILL, CARTER,
     FRANCO, COLE & BLACK, P.C.
    Post Office Box 116
    Montgomery, Alabama 36101-0116
    (334) 834-7600
    (334) 263-5969 - fax
    E-mail: jrs@hillhillcarter.com
    Counsel for Defendants
    wwm/6031.0004/f:Motion to Dismiss-Brief (DLI).wpd

OF COUNSEL:
Renee C. Gluth (LA Bar No. 24436)
Frilot, Partridge, Kohnke & Clements, LC
3600 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3600
(504) 599-8000
(504) 599-8100

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Memorandum in Support of Motion to Dismiss on Behalf of Defendants Dynacare Laboratories, Inc., Laboratory Corporation of America, and Frilot, Partridge, Kohnke & Clements, L.C.* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Bryan O. Balogh, Esquire (bbalogh@starneslaw.com), Rik S. Tozzi, Esquire (rtozzi@ starneslaw.com) and W. Stancil Starnes, Esquire (sstarnes@starneslaw.com) and by placing a copy of same in the United States Mail, postage prepaid and properly addressed to Wayne N. Ward, 103 Timberline, Bessemer, Alabama 35022; this the 30th day of March, 2006.

/S/  James R. Seale