IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE N. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-CV-00230-WKW |
| | ) | wo |
| LABORATORY CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

For the reasons herein discussed, the Magistrate Judge recommends that all pending dismissal motions be granted and this cause dismissed with prejudice.

### I.

### PROCEDURAL BACKGROUND

Wayne Norris Ward, a self-described "black male...citizen of the United States and ...resident of the State of Alabama" [1] ("Ward"), filed this action initially in the Montgomery County Circuit Court, on February 2, 2006, and one of the Defendants, the Montgomery law firm of ***Hill, Hill, Franco, Cole & Black, P.C.***, effected its removal to this court on March 10, 2006, on these averments of federal question jurisdiction:

> Plaintiff states that he is asserting a claim arising out of the Federal Rules of Civil Procedure and the Constitution of the United States and alleges various causes of action including conspiracy, breach of contract, fraud, and Title VII violations.
> ***
> Federal question jurisdiction is proper in this matter, notwithstanding any ancillary state law claims. The existence of these additional or otherwise non-removable claims or causes of action does not prevent removal. 28 U.S.C. §1441 ( c ). It is clear

---

[1] *Compl.*, II. -¶1 at 2 (Doc.3-2, Mar. 10, 2005).

> from the drafting of plaintiff's Complaint that the federal question is the central issue of this litigation.
>
> It is believed that Plaintiff is pursuing a claim under the Federal Rules of Civil Procedure 60(b)(3) for relief from a final judgment due to fraud, misrepresentation, or other misconduct of an adverse party. Plaintiff previously filed an action in federal court asserting similar claims which were dismissed by the Court. (See Ward v. Dynacare Laboratories, Inc. Et al; 2:05-cv-00088-MHT-VPM). Claims under Rule 60 should be made to the Court that rendered the judgment.

(¶ 3, Doc. 3-1, Notice of Removal).  Submitted is this law firm's *Motion to Dismiss, or in the Alternative, Motion for More Definite Statement* (Doc. 6, Mar. 24, 2006).  By Order filed March 28, 2006 (Doc. 7), the court instructed the plaintiff to file a response by April 17, 2006, in opposition to the motion, and it cautioned:

> **The *pro se* plaintiff is advised that if he fails to file *any* response**, the court will proceed to decide the merits of Defendant's contention that the complaint "fails to state a cause of action upon which relief may be granted" and contains "allegations [that] are so vague, indefinite and nonspecific that it is impossible to determine the basis of Plaintiff's claim against Defendant Hill, Hill, Carter."

*The Plaintiff filed nothing in opposition to this defendant's motion.*

Plaintiff separately designated as defendants a Birmingham-based law firm he described as "[b]oth Gordon, Silberman, Wiggins & Childs Corporation and Wiggins, Childs, Quinn and Pantazis", asserting that "[i]n the fall of 2003, Wiggins, Childs, Quinn and Pantazis acquired Gordon, Silberman, Wiggins & Childs, and became Gordon, Silberman, Wiggins & Childs' successor." (*Compl.*, II.-¶3, Parties).   These firms consented to removal on March 13, 2006 (Doc.1), and on March 13, 2006, filed their *Motion to Dismiss* (Doc. 2), in response to which the Plaintiff has filed nothing notwithstanding the court's advice:

> **The *pro se* plaintiff is advised that if he fails to file *any* response**, the court will proceed to decide the merits of Defendants' contention that the complaint "fails to state a cause of action upon which relief may be granted", "fails to state a cognizable

claim under the Alabama Legal Services Liability Act" and "fails to comply with the requirements" of the Alabama Legal Services Liability Act".

(ORDER, Doc. 5, Mar. 21, 2006).

Also submitted is a *Motion to Dismiss* by the remaining Defendants – Dynacare Laboratories, Inc., Laboratory Corporation of America, and Frilot, Partridge, Kohnke & Clements, L.C. (Doc. 8, Mar. 30, 2006). Plaintiff again failed to take advantage of his opportunity to file any response in opposition; the March 31, 2006 Order setting an April 24 deadline for his response also cautioned him on the effect of failing to fail any response:

> **The *pro se* plaintiff is advised that if he fails to file *any* response**, the court will proceed to decide the merits of Defendants' contention that the complaint "should be dismissed under the theories of *res judicata*, collateral estoppel" and Plaintiff's claims under Rule 60(b) are "time barred and fail to state a claim upon which relief can be granted."

(ORDER, Doc. 11, Mar. 31, 2006).

## II.

## THE COMPLAINT

Ward "seek[s] punitive damages for attorney malpractice, conspiracy, and fraud" on allegations that "the Defendants/Conspirators actions cover-up three illegal acts: Title VII violations, attorney malpractice; White Collar Crime; Illegal Drug Testing of Federal Workplace Urine Samples." As additional "criminal felony acts", he alleges that "evidence was changed and removed in Federal Court, obstructing justice to defraud the Plaintiff." (*Comp*l., 1-2).

As is usually the case with the pleadings of a non-lawyer *pro se* litigant, discerning the factual allegations underlying Ward's legal claims is a challenging exercise for the court. Construing the averments with the deference due to such litigants, the court understands Ward's complaint to arise

from his perception of racially discriminatory treatment he suffered by supervisors at a subsidiary or predecessor company of Defendant DynaCare – Alabama Alcohol Drug Management Services, Inc. – in response to his undertaking in January 2002 "to dress and be more professional" by, inter alia, "wearing a shirt and tie to work." (*Compl.*,III.-¶¶ 4-16).   For legal representation to remedy the adverse treatment he perceived, Ward hired the Defendant Birmingham law firm ("Wiggins Childs") to file in this court on March 5, 2003, Civil Action no. 2:03-cv-00247-MHT-SRW, *Ward v. DynaCare Labs*, *Laboratory Corporation of America*. (*Compl.*, III-¶17).  During the course of discovery in that lawsuit, Ward perceived a conspiratorial alliance between the lawyers who represented him, and the Defendants, who were represented by the Defendant Montgomery law firm ("Hill Hill") and the Defendant firm of Frilot, Partridge, Kohnke & Clements ("Frilot, Partridge").  The court's grant of summary judgment adverse to Ward represents an alleged byproduct of the conspiracy (*Compl.*, III- ¶¶ 30 - 54).

Ward's "Prayer for Relief" includes a demand for a $25 million judgment for punitive damages.

### III.

### STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord, Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hughes v. Rowe*, 449 U.S. 5, 10 (1980).  For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord*, *Swierkiewicz v. Sorema, N.A.*, 515 U.S. 506, 515 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits").

The court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. *Conley v. Gibson*, 355 U.S. at 48; *Hishon v. King & Spalding, id.*; *Fuller v. Johannessen*, 76 F.3d 3437, 349-350 (11th Cir. 1996) Because Rule 8 requires only "notice" pleading, the plaintiff need not detail all relevant facts but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U. S. at 47. The complaint must state a cause of action sufficient to show affirmatively the plaintiff's entitlement to relief. "It is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984).

## IV.

### DISCUSSION

A. **DISMISSAL MOTION by *Wiggins Childs*** (Doc. 2)

The Wiggins Childs law firm's Rule 12(b)(6) dismissal motion avers, in part that " [t]o the extent Plaintiff's claims arise from an attorney/client relationship between Plaintiff and Wiggins Childs, the Complaint fails to state a cognizable claim under the Alabama Legal Services Liability Act ("ALSLA")" and fails to comply with the requirements of the Act.

Scrutiny of the governing law, ALA. CODE 6-5-570 et seq., against the backdrop of the Complaint's woefully inadequate averments clearly underscores the merit of this law firm's dismissal

motion. Ward offers absolutely no facts which are probative of his generalized allegations of a conspiracy involving his lawyers and the defendants and their counsel in other lawsuits before the court. The averred conspiracy appears to be grounded on acts or omissions and representations of his lawyers in another civil action (2:03cv247) which ended in a summary judgment adverse to Ward.[2] The gist of Ward's complaint is that his law firm "collaborated" with the defendants in that civil action "in tricking the court to believe that no tangible or adverse employment was committed." His allegations, however, are entirely conclusory and wholly insufficient for any state law claim of attorney malpractice[3] or for any other claim which can be sustained with federal jurisdiction. Accordingly, the dismissal motion is due to be granted.

### B.  DISMISSAL MOTION by *Hill, Hill* (Doc. 6)

The *Hill Hill* law firm represented Defendants Dynacare and Laboratory Corporation of America in Case No. 2:05cv-00088-MHT-VPM.[4] The firm disavows any provision of legal services

---

[2] Ward complains, for example, that "exhibit-8 interrogatories, collected 10 September, 2003" by his lawyers and transmitted to opposing counsel represented the start of the conspiracy about which he complains. (*Comp*l.,III- ¶¶ 30-32). The only other facts alleged from which this court construes any intended culpability for the law firm relate to legal advice provided to him in civil action 2:03cv247 (*Compl*., III- ¶¶ 34, 38).

[3] Although Ward states no claim implicating a federal question against this non-diverse defendant law firm, in the interest of judicial economy, the court assumes, without deciding, that the purported claim of legal malpractice "arises out of a common nucleus of operative fact" with the putative federal claims against Defendant DynaCare. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-25 (1966).

[4] In this case filed February 2, 2005, Ward, again appearing *pro se*, also sued the Gordon Silberman law firm. On Ward's contention "that Dynacare discriminated against him on the basis of his race (African American) and that, in a prior case before this court, Civil Action No. 2:03CV247-T, his attorneys failed to represent him properly", the Magistrate Judge recommended dismissal of
(continued...)

to Ward.  Ward's rambling and nonspecific allegations cannot be construed in any reasonable manner to state a cause of action against this law firm for which relief can be granted.   Ward declined the court's opportunity to amend the complaint in order to specify more clearly any cognizable claim against this defendant.  Accordingly, this defendant's Rule 12(b)(6) motion is due to be granted.

### C.    DISMISSAL MOTON BY DYNACARE, LABORATORY CORPORATION, AND FRILOT PARTRIDGE (Doc. 8)

The remaining defendants – Dynacare Laboratories, Inc., Laboratory Corporation of America, and Frilot, Partridge, Kohnke & Clements, L.C. –  submitted with their Rule 12(b)(6) dismissal motion a well-supported memorandum which establishes the merit of their contention:

> Ward has asserted an independent claim pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's judgment in his previous race discrimination suit (Wayne Ward v. Dynacare Labs, et al., Case No. 03-T-2467-N).  The judgment Ward seeks to set aside was the judgment granting Dynacare and LabCorp's summary judgment motion, signed and entered by Judge Myron H. Thompson on February 2, 2004.  Dynacare asserts that this suit should be dismissed under the theories of res judicata, collateral estoppel and because Ward's claims under Rule 60(b) are time barred and fail to state a claim upon which relief can be granted.

(*Mot*. at 1).

These defendants' unopposed memorandum (Doc. 9) correctly states both the factual and procedural history of Ward's lawsuits in this court – including his previous attempt, in case no. 2:05-cv-00088-MHT-VPM to re-litigate the issues resolved adversely to him in case no. 2:03-T-247-N

---

[4](...continued)
all claims with prejudice (Doc. 31, July 22, 2005). The District Judge overruled Ward's objections and entered Judgment on the Recommendation on August 23, 2005 (Doc. 34).

– and the applicable legal principles of res judicata and Fed.R.Civ.P. 60(b) which dictate dismissal of this action. This court therefore deems further discussion of these issues unnecessary. Moreover, these defendants correctly note that the claims against the *Frilot Partridge* law firm "should be dismissed as ...time barred and ...not pled with particularity [with respect to] any alleged fraud on the court."[5]

## V.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

A. the *Motion to Dismiss* filed March 13, 2006 (Doc. 2) by the defendant law firms described in the Complaint as *Wiggins, Childs, Quinn, and Pantazis/WCQP and Gordon, Silberman, Wiggins and Childs/GSWC*, be **GRANTED**, and this action be dismissed with prejudice against these defendants;

B. the *Motion to Dismiss* filed March 24, 2006 (Doc.6) by the defendant law firm, *Hill, Hill, Carter, Franco, Cole & Black, P.C.*, be **GRANTED**, and this action be dismissed with prejudice against this defendant, with the alternative Motion for More Definite Statement being denied as moot;

C. the *Motion to Dismiss* filed March 30, 2006 (Doc. 8) be **GRANTED** on behalf of Defendants *Dynacare Laboratories, Inc., Laboratory Corporation of America, and Frilot, Partridge,*

---

[5]*Defs.' Mem*. at 2, 3-6; *see also* the "res judicata" and Rule 60(b) analysis of Magistrate Judge McPherson at 6-12 of the Recommendation of the Magistrate Judge filed on July 22, 2006 in Case 2:05-cv-000888-MHT-VPM.

8

*Kohnke & Clements, L.C.*, and this action be dismissed with prejudice against these defendants; and

D.   this action be DISMISSED WITH PREJUDICE .

**IT IS FURTHER ORDERED** that **any objections to this Recommendation be filed not later than May 23, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981

Done this 10th  day of May,  2006.

/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE